UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lashawn Young, <br><br> Plaintiff, <br> v. <br><br> GC Services Limited Partnership; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 4:10-cv-532 <br><br><br> **COMPLAINT** <br> JURY |

For this Complaint, the Plaintiff, Lashawn Young, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lashawn Young ("Plaintiff"), is an adult individual residing in Martinsburg, West Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services Limited Partnership ("GC"), is a Texas business entity with an address of 6330 Gulfton, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $2,000 (the "Debt") as a result of student loans.

9. The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     GC Engages in Harassment and Abusive Tactics**

12. The Defendants telephoned the Plaintiff everyday and have called the Plaintiff at 9:30 p.m. and at 10:00 p.m.

13. The Defendants are seeking to collect approximately $7,000.00 from Plaintiff.

14. The Defendants threatened to garnish the Plaintiff's wages.

15. The Defendants failed to send to the Plaintiff a letter notifying her of her right to dispute the Debt and to request verification within five days of their initial contact.

16. The Defendants called the Plaintiff three or four times a day at her place of employment.

17. The Defendants made such calls even though the Plaintiff informed them that she was not permitted to receive the calls at work.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that the Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that the Defendants misrepresented the character, amount and legal status of the debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

28. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that the Defendants attempted to collect an amount not authorized by the agreement creating the debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

35.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

## TEX. FIN. CODE ANN. § 392, et al.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39.     The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

40.     The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

41. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

45. To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show: (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

46. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home and workplace.

47. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

6

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Texas law requirements for an invasion of privacy.

48. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

50. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

52. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

53. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

54. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

55. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damage; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 19, 2010

> Respectfully submitted,
> By:  /s/ Diana P. Larson
> Diana P. Larson, Attorney-in-charge
> Texas Bar No. 24007799
> Southern District Bar No. 24957
> The Larson Law Office, PLLC
> 440 Louisiana, Suite 900
> Houston, Texas  77002
> Telephone:  (713) 221-9088
> Facsimile:  (832) 415-9762
> Email:  diana@thelarsonlawoffice.com
>
> Of Counsel To:
> LEMBERG & ASSOCIATES L.L.C.
> A Connecticut Law Firm
> 1100 Summer Street, 3rd Floor
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile:  (877) 795-3666
>
> ATTORNEYS FOR PLAINTIFF